[No. 406.   Decided January 28, 1892.]

EDWARD W. DIXON, *Appellant,* v. JOHN W. BARNETT, *Respondent.*

ATTACHMENT—PURCHASE FROM ATTACHMENT DEBTOR—LIABILITY OF SHERIFF—DEMAND.

A seizure of property under a writ of attachment does not divest the title, it merely creates a lien. The attachment debtor can sell the property subject to the existing lien, and the title will become absolute upon the discharge of such attachment, though other levies may have been made upon the property while in the hands of the sheriff, subsequent to such sale.

Where property seized under a writ of attachment is sold by the debtor and the attachment released, but subsequent to the sale and prior to the release the sheriff levies another writ of attachment upon the property while in his hands, the sheriff cannot be held for the value of the property without demand therefor, although it is not necessary that the demand should precede the levy last made.

*Appeal from Superior Court, Lewis County.*

Action by Edward W. Dixon against John W. Barnett, who, as sheriff of Lewis county, unlawfully converted to his own use certain personal property of plaintiffs. Judgment for defendant, and plaintiff appeals.

*Crowley & Sullivan,* for appellant.
*Palmer & Landrum,* for respondent.

The opinion of the court was delivered by

Scott, J.—This is an action brought by appellant to recover the value of certain personal property which he alleges he owned, and the respondent converted to his own use unlawfully. The case was tried in the court below without a jury, and there is but little, if any, dispute as to the facts. The property in the complaint is alleged to be of the value of $1,734. This is supported by the testimony of the appellant and is not contradicted. It appears from the evidence, that on May 22, 1891, the respondent, as sheriff of Lewis county, took possession of said property under a writ of attachment in favor of Crerar, Adams & Co., against one G. W. Hunt, and that on said day the property was the property of said Hunt, and in his possession; that on June 9, 1891, the said sheriff levied another attachment on said property, in favor of the same parties and against said Hunt, and that on June 18, 1891, said Hunt sold said property to appellant for $2,000, and executed and delivered to him a bill of sale, which was recorded in the auditor's office of Lewis county on June

20, 1891; that said property was at all said times in Lewis county; that on June 25, 1891, the sheriff levied upon said property under a writ of attachment issued in favor of J. V. O'Laughlin against said Hunt; that about August 1, 1891, the two writs of attachment of Crerar, Adams & Co. were released by the plaintiffs therein; and that thereafter, on August 6, 1891, appellant demanded the possession of said property of respondent, which he refused to give up. Upon these facts the superior court found against the appellant.

The respondent contends that where a sheriff seizes property under a writ of attachment, and subsequently, and before such attachment is released, another writ comes to his hands and he levies the second writ upon the same property as provided by the statute that one who purchases from the defendant in attachment before, but who gives no notice of his claim till after, the levy of the second writ takes subject thereto. We cannot agree with this. The law is well settled that an attaching creditor does not stand in the position of a *bona fide* purchaser for value, and even against such a purchaser the recording of the bill of sale would have been sufficient notice, even though the vendor retained possession of the property. A seizure of property under a writ of attachment does not divest the title, it only creates a lien, and the attachment debtor can sell the property subject to the existing lien; and upon the discharge of such attachment the title becoms absolute.

Although under the circumstances of this case the sheriff could not be held for the value of the property without a demand for its return having first been made, and a refusal by him to comply therewith, yet it is not necessary that the demand should precede the levy in question. It is not claimed that the demand for a return of the property was not made within a reasonable time after the plaintiff became entitled thereto upon the discharge of the prior writs,

so that he was in anywise estopped by standing by and
permitting the sheriff to hold and dispose of the property
in ignorance of the plaintiff's rights.   In the absence of
any such estoppel, the attaching creditor could obtain no.
lien if the defendant in the attachment had no title at the
time of the levy of the writ in question, and in this case
he had no title at that time.

The judgment is reversed, and cause remanded with a
direction to render judgment in favor of the plaintiff for
the alleged and uncontradicted value of the goods, and
for his costs.

ANDERS, C. J., and DUNBAR, STILES and HOYT, JJ.,
concur.