WARREN G. WATERMAN *vs.* CONRAD BUCKINGHAM ET ALS.

Third Judicial District, New Haven, June Term, 1906.

BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The plaintiff placed $3,500 in the hands of *S* for investment according to his best judgment, with which, and $500 of his own, *S* purchased land, taking the title in his own name. *Held* that as between the two, *S* thereby became a trustee of a resulting trust for the benefit of the plaintiff in seven eighths of the property so purchased.

A bona fide purchaser is one who buys property in good faith, either giving therefor a valuable consideration or altering in some way his legal condition for the worse, without knowledge or notice of any claim to the property upon the part of third persons.

An attaching creditor who gave no credit to the debtor's apparent ownership of real estate when the indebtedness was incurred, and who has not since then altered his legal status for the worse in reliance upon such ownership, can take by his attachment only such interest as his debtor really owns; and therefore if the debtor merely holds the legal title to the land upon a resulting trust for the benefit of a third person, the latter's actual beneficial ownership will be upheld and protected in equity as against the attaching creditor.

A creditor who attaches under such circumstances does not stand upon the same ground as a bona fide purchaser for value, nor can his attachment lien gain priority over the title of the equitable owner, by reason of any requirement of our recording laws.

Argued June 12th—decided July 30th, 1906.

SUIT to obtain a conveyance of real estate, a release and discharge of attachment liens thereon, an injunction and other equitable relief, brought to and tried by the Superior Court in Fairfield County, *George W. Wheeler, J.;* facts found and judgment rendered in favor of all the defendants except Sherwood, from which the plaintiff appealed. *Error and cause remanded.*

*Arthur M. Marsh*, for the appellant (plaintiff).

*Elmore S. Banks*, for the appellee (defendant Buckingham).

*Stiles Judson*, for the appellees (defendants Southport National Bank and its receiver).

HALL, J.   The plaintiff has resided during the past ten years in Nashville, Tennessee.   In 1899 he placed in the hands of the defendant Oliver T. Sherwood, then cashier of the defendant Southport National Bank, for investment according to Sherwood's best judgment, the sum of $4,500, with which, and $500 of his own money, Sherwood purchased certain real estate, taking the title in his own name. In April, 1901, he exchanged said real estate for the property in question, the title to which he also took in his own name, and received in addition $1,250 in money.   Of this sum he expended $250 upon said property, and the remaining $1,000 he paid to the plaintiff.   The plaintiff had no knowledge that his money was invested in real estate in the name of Sherwood, until after May 16th, 1903.

Said Sherwood having misapplied the funds of said bank and become a defaulter in a large sum, on the 12th of May, 1903, being apprehensive of exposure and arrest, left Southport, leaving his wife and children in the house owned by him in Southport where he had resided with them, since which time he has not communicated with his wife or provided her with assistance or support.   From Southport he went to New York.   On May 13th he went to Toronto;

from Toronto to San Francisco, and from San Francisco to Panama, where he was arrested in July and brought back to this State, where he remained in custody until he was sentenced to the State prison where he now is. When Sherwood left this State he had no fixed intention of residing at any particular place outside of Connecticut. On May 16th, 1903, he was in Toronto, and had not acquired a residence at any place outside of Connecticut. He had then only considered his present emergency, and had formed no intent as to his future, or as to when he would return to his family in Southport, or to this State.

On the 15th of May, 1903, the defendant Buckingham caused the premises in question, which were then occupied by a tenant and were in charge of one Bulkley, to be attached in an action against Sherwood, and on the 18th of December, 1903, took judgment by default·in said action for $1,927.94 damages, and $33.07 costs, and on the 2d of January, 1904, filed a certificate of judgment-lien for said sum upon said property. An action to foreclose that lien, in which one Pepper, the receiver of said bank, the present plaintiff, and said Sherwood, are the defendants, is still pending.

On the 16th of May, 1903, the defendant bank caused said premises to be attached in an action against Sherwood, and on the 30th of October, 1903, with the consent of Sherwood, took judgment for $21,649.23 damages, and $37.78 costs, and has since filed a certificate of judgment-lien for said sum based upon such attachment.

Both the claimed attachments in said original actions by the defendants Buckingham and the bank were made in accordance with the requirements of the law providing for the attachment of real estate of residents of this State, copies in each case having been left at the house in Southport where Sherwood had lived, and copies and certificates of attachment with the town clerk; no copies having been left with the person in charge of, or the person in possession of, the attached property.

Neither said Buckingham nor the bank had any knowl-

edge, when they caused said attachments to be made, that the plaintiff had any interest in the attached property.

On the 14th of August, 1903, the plaintiff filed a claim with the receiver of the bank in which he set out his claimed interest in said attached property.

In the original transactions by which Sherwood incurred the indebtedness described in each of said attachment suits, neither Buckingham nor the bank gave any credit to him in consequence of his apparent ownership of the real estate in question, nor did either of them know of his apparent ownership of said property prior to the 12th of May, 1903.

During the trial the plaintiff offered evidence to prove that in a conversation between the plaintiff and Sherwood in 1902, it was orally agreed that the bank should take the investment of $3,500, which Sherwood had made for the plaintiff, in payment of the plaintiff's note to the bank for an overdraft which the plaintiff had made upon his bank account with the defendant bank; and that this conversation was followed by such conduct on the part of the bank in not thereafter demanding payment of the principal or interest upon the note given for the overdraft, and of Sherwood in not thereafter paying the interest or principal upon the investment, as estopped the bank from denying, as against this plaintiff, that it did not become the owner of the investment and that Sherwood did not thereafter hold the property in question in trust for the bank. This evidence was also offered for the purpose of proving, by means of such conversation and by the knowledge of Sherwood, knowledge of the bank of the plaintiff's interest in the real estate in question. The evidence was rejected for both purposes.

Among the reasons of appeal assigned, stated in substance, are the rejection of said evidence; the overruling of the plaintiff's claim that, upon the facts found, Sherwood was a nonresident at the time of the attachments, and that they were therefore void, because copies of the writs of attachment were only left at Sherwood's last usual place of abode within this State, and not with Sherwood's agent

in this State, or with the person in possession of the property attached, as required by § 828 of the General Statutes in the attachment of the property of nonresidents ; and in overruling the plaintiff's claim that upon the facts the defendants Buckingham and the bank were not, as against the plaintiff, in the position of bona fide purchasers for value, but took by their attachment only Sherwood's interest in the attached property.

We shall consider only the last stated reason of appeal, as our conclusion upon the question raised by that is decisive of the case.

The trial court sustained the claim of the plaintiff that he became the equitable owner of the attached property to the extent that his money was invested in it. In taking the title to the entire property in his own name, Sherwood, as between himself and the plaintiff, became the trustee of a resulting trust for the benefit of the plaintiff, as to that portion of the property purchased with the plaintiff's money.

Upon general principles, Buckingham and the bank, by their attachment suits against Sherwood, acquired only the rights which Sherwood himself had in the property attached, and equity will protect the present plaintiff's interest in the property unless there is some special rule of law or of equity, or some statutory provision, which prevents the plaintiff from asserting his equitable title against these attaching creditors of Sherwood.

The plaintiff is not estopped from asserting his ownership against these defendants upon the ground that by his own negligence he has misled them to their injury. If it could properly be said that the plaintiff is chargeable with any negligence in permitting Sherwood to take the title to the property in his own name and to so place it upon the records, the court has expressly found that neither Buckingham nor the bank was in any way misled by the fact that the title was so taken and recorded.

The defendants Buckingham and the bank do not occupy the position of bona fide purchasers, as was apparently

held by the trial court.    A bona fide purchaser is "one who
has bought property without notice of the claims of third
parties thereto, and upon the faith that no such claims ex-
ist, and who has therefore actually paid or parted with
some valuable consideration, or has in some way altered
his legal condition for the worse." *Hayden* v. *Charter
Oak Driving Park*, 63 Conn. 142, 147, 27 Atl. 232.    But
neither Buckingham nor the bank has actually paid or
parted with any valuable consideration, or in any way al-
tered his legal condition for the worse, upon the faith
that there existed no claim of any third party to this prop-
erty.    When, without notice of the plaintiff's claim, they
merely placed their liens upon property as belonging wholly
to Sherwood, but in which he really owned but a small in-
terest, they neither parted with any consideration nor
changed their condition for the worse, so as to place them-
selves in a position similar to that of bona fide purchasers
for value.    They paid their consideration and changed
their legal condition for the worse when they allowed Sher-
wood to incur the debts which they were endeavoring to
collect by their attachment suits, and in doing this, as the
trial court has found, they did not " in any way rely upon "
Sherwood's apparent ownership of the property in question.

Attaching creditors, even without notice of the equitable
claims of third parties, who, in the transactions in which
the debts sought to be collected were incurred, gave no
credit to, and had no knowledge of, the apparent or record
title of the debtor to the property attached, do not, as to
the equitable owners of such property, stand in the posi-
tion of bona fide purhasers for value, unless by force of
some statute law to that effect.    *Colt* v. *Ives*, 31 Conn. 25,
38; *Depeyster* v. *Gould*, 3 N. J. Eq. 474; *Schweizer* v.
*Tracy*, 76 Ill. 345; *Tousley* v. *Tousley*, 5 Ohio St. 78;
*Dixon* v. *Barnett*, 3 Wash. 645, 29 Pac. 209; *Hart* v.
*Farmers & M. Bank*, 33 Vt. 252.    " It is certainly," says
Chief Justice Redfield in the case last cited, "very much
calculated to encourage both [fraud and injustice], when
we allow the estate of one to be taken for the satisfaction

of the debt of another, unless it be in cases where the debt was created in faith of the title of the estate being in the apparent owner."

As laying down a different rule of law from that above stated, the defendants cite the remark of JUDGE WAITE in *Goddard* v. *Prentice*, 17 Conn. 546, 554: "Had he [the attaching creditor] attached the property, or taken a mortgage of it, without fraud and without knowledge of any trust, his title would prevail in equity, as well as at law." But the two preceding sentences of the opinion clearly show that the attaching creditor referred to in the sentence quoted is one who is assumed to have given credit to the title of the apparent owner. In the next following paragraph of the opinion the court speaks of the "difficulty in this part of the defense" (the defendants' claimed title being one acquired by attachment and execution), if the attaching creditor had in fact given no credit to the debtor, in whose name the attached property stood, in consequence of his apparent ownership of it.

The case of *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 364, 41 Atl. 1054, does not conflict with the rule as we have stated it above. The decision in that case was based upon our Recording Acts. In consequence of the plaintiff's negligent failure to record a mortgage deed of certain real estate, and as a result in the nature of a penalty imposed by statute therefor, we held that the title of a trustee of the insolvent estate of the mortgagor, who held the record title, was superior to that of the plaintiff under the unrecorded mortgage. The opinion states that we regarded the case as one calling for a construction of our statute regarding unrecorded deeds, rather than for the enforcement of equitable rights.

By the language of our recording laws, priority is not given to the defendants' attachment liens over the plaintiff's equitable title. While a bona fide purchaser for value, or an attaching creditor who had given credit in reliance upon the apparent ownership, would be protected against such a resulting trust, it would be upon equitable grounds

rather than because such a penalty is imposed upon the *cestui que trust* by the recording laws for his failure to record his deed. Whether or not an attaching creditor, upon facts like those before us, acquires, under the recording laws, a prior lien over an unrecorded resulting trust, necessarily depends largely upon the language of the recording Act itself. In *Hart* v. *Farmers & M. Bank*, 33 Vt. 252, the court says that such a trust should be excepted from the operation of recording Acts. In Texas it is held that a resulting trust is not within the registration laws. *Ross* v. *Kornrumpf*, 64 Tex. 390; *McKamey* v. *Thorp*, 61 id. 648; *Parker* v. *Coop*, 60 id. 111. As there was no deed to the plaintiff which he could cause to be recorded, and as the plaintiff did not even know that his money was invested in this property, the defendants, who were not misled by Sherwood's apparent ownership, cannot, as attaching creditors, claim priority over the plaintiff's equitable title, under the provision of our statute that "no conveyance shall be effectual to hold lands against any other person but the grantor and his heirs, unless recorded on the records of the town in which the lands lie." General Statutes, § 4036.

As we read the finding, Sherwood invested in the property in question $500 of his own money, and $3,500 of the plaintiff's money, which was intrusted to him to invest according to his best judgment. Sherwood thereby became the owner in his individual right of an undivided one-eighth interest in the property, and as trustee for the plaintiff of the remaining seven-eighths interest. It does not appear that there had been any change in their said respective interests at the time of the attachments, and that question has not been the subject of argument. Assuming that there had been no change, the attachment and judgment-liens placed upon the property by Buckingham and the bank and the said receiver, attach to Sherwood's one-eighth interest only, and the plaintiff is the owner of an undivided seven-eighths interest in the property, unincumbered by such liens.

There is error, the judgment of the Superior Court is set aside and the case remanded with directions to render judgment in favor of the plaintiff and to adjudge, in accordance with the views above expressed, that the attachment and judgment-liens placed upon said property by the defendants Buckingham and the Southport National Bank and the said Pepper, receiver, only attach to, and are only enforceable against, the interest of said Sherwood in said property, and that the remaining interest of the plaintiff in said property is free from and unincumbered by said liens.

In this opinion the other judges concurred.