## WASHINGTON TRUST COMPANY *vs.* THE NORWICH AND WESTERLY TRACTION COMPANY ET AL.

Second Judicial District, Norwich, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A finding that a creditor had actual knowledge of a prior unrecorded mortgage upon the land of his debtor at the time he undertook to attach it, is not, ordinarily, a conclusion of law, but a finding of an ultimate fact.

Section 4036 of the General Statutes, which provides that no conveyance shall be effectual to hold lands against any other person but the grantor and his heirs, unless recorded in the records of the town in which the lands lie, has no application to mortgages of street railways, under the express exemption contained in chapter 149 of the Public Acts of 1905. By the terms of that Act such mortgages are to be recorded in the office of the Secretary of State; but as no penalty or other consequence is prescribed for the failure to make such record, the effect of noncompliance is to be determined by the unwritten general law of the State.

Failure to record such a mortgage does not render it subordinate to a subsequent attachment, if the attaching creditor did not rely upon the apparent, unincumbered record title of the street-railway company when the indebtedness was created, and did not then assume or believe that the property was free and clear of incumbrances. Under such circumstances the attaching creditor does not stand in the position of a bona fide purchaser for value, and his attachment lien is not entitled to priority over the title of an earlier mortgagee whose deed was not recorded.

The right of an attaching creditor to redeem a prior mortgage is not affected by a judgment foreclosing such mortgage in a suit to which he was not made a party; and in the absence of any finding that

his rights were actually litigated and determined in the foreclosure suit, his mere filing of an intervening petition therein, which was never acted on, does not operate by estoppel as the equivalent of a foreclosure of his equity of redemption.

A plaintiff who seeks to foreclose an incumbrance which he erroneously assumes to be subsequent to his own, is not entitled to a decree to redeem, in the absence of any prayer for such relief and of any plea of tender or offer to redeem.

In this State the property of railroads and other public service corporations has always been subject to attachment and execution on substantially the same terms as that of other private corporations, and without practical interruption of the public service. Should real danger of such interruption arise, it would doubtless be averted by the appointment of a receiver and the consequent dissolution of the attachment or execution.

Argued October 20th, 1914—decided January 26th, 1915.

Suit to foreclose a judgment lien, brought to and tried by the Superior Court in New London County, *Reed, J.;* facts found and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

*Seeber Edwards* of Rhode Island, and *John P. Huntington,* for the appellant (plaintiff).

*Christopher L. Avery* and *Tracy Waller,* for the appellees (defendants).

BEACH, J. On April 3d, 1906, the Norwich and Westerly Railway Company mortgaged all of its property, including the land in question, to the then State Treasurer and his successors in office, to secure an issue of bonds amounting to $750,000.

This mortgage was not recorded in the office of the Secretary of State, as required by § 2 of chapter 149 of the Public Acts of 1905 (p. 357), until November 22d, 1909. In the meantime, on February 16th, 1909, the plaintiff brought an action against the Railway Company as indorser on a promissory note for $9,000, and

attached the land. The judgment lien sought to be foreclosed relates back to the date of this attachment.

On September 14th, 1909, at the suit of nonresident creditors, a receiver of the Railway Company was appointed by the Circuit Court of the United States for the District of Connecticut, and in February, 1910, the State Treasurer brought suit in the same court to foreclose the mortgage, of which he was *ex officio* the trustee. These suits were consolidated, and the Superior Court finds that the plaintiff had knowledge of this consolidated action, and that its attorneys prepared and filed with the clerk of the United States Circuit Court an intervening petition, and attended a meeting of creditors before said court, but did not press its intervening petition and waived the same. Subsequently, on May 15th, 1911, the Circuit Court ordered the mortgaged property sold at public auction free from all incumbrances arising by, through or under the mortgagor, and the property was bought in on behalf of the foreclosing bondholders, who re-organized the Railway Company as provided in § 3817 of the General Statutes, under the name of the Norwich and Westerly Traction Company, which is a defendant in this action. The last-named company has since executed a new mortgage to the Old Colony Trust Company of Boston, as trustee, to secure a new issue of bonds.

The Superior Court has also found that at the time of the attachment the land attempted to be attached, although described as four separate tracts, was in fact one piece of land, on which were located the tracks of the Railway Company, and its power-house and car-barn.

In May, 1910, the plaintiff, having obtained a judgment in its suit brought in 1909, against the Norwich and Westerly Railway Company, filed a judgment

lien on the attached land, and then brought this action to foreclose the lien, against the Norwich and Westerly Traction Company, as the successor to the rights and property of the Railway Company, making the trustee of the new mortgage a party, and asking for a foreclosure and possession of the premises.

The Superior Court held that the plaintiff did not, by its attachment of February 16th, 1909, acquire a lien prior to that of the unrecorded mortgage executed April 3d, 1906, and that the plaintiff was not entitled to a foreclosure as against the defendants.

The principal questions directly raised by the plaintiff's appeal relate to its claim that the trial court erred in holding that the unrecorded mortgage to the State Treasurer was entitled to priority over the plaintiff's attachment. In that connection the trial court has made the following finding: "On February 16, 1909, at the time that the Washington Trust Company attempted to attach the land of the Norwich and Westerly Railway Company, the Washington Trust Company, through its officers and directors, had actual knowledge of the mortgage of the Norwich and Westerly Railway Company authorized March 20, 1906." The appellant has not directly attacked this 'finding under § 795 or § 797 of the General Statutes, but assumes that it is a conclusion of law founded solely on other findings of subsidiary facts, and, by several assignments of error, challenges their sufficiency to support it.

In the view that we take of the case, the question whether the plaintiff did or did not have actual knowledge of the prior unrecorded mortgage to the State Treasurer is not of controlling importance; and in disposing of these assignments of error it is enough to say that the finding in question does not appear to be a conclusion of law, and does purport on its face to be a finding of the ultimate fact of actual knowledge

by the plaintiff's officers and directors on February 16th, 1909. Regarded as a finding of an ultimate fact, it is fully supported by the other findings of subsidiary facts.

The next question is whether the failure to record the mortgage to the State Treasurer until after the attachment, makes it ineffectual to hold the land as against the attaching creditor.

Chapter 149 of the Public Acts of 1905 requires railroad and street-railway mortgages to be recorded in the office of the Secretary of State; but it attaches no penalty or other consequence to the failure to make such a record, and it expressly exempts such mortgages from the necessity of being recorded on the records of the towns in which the mortgaged property is located. By this exemption the legislature has excepted such mortgages from the operation of § 4036 of the General Statutes, which provides that "no conveyance shall be effectual to hold lands against any other person but the grantor and his heirs, unless recorded on the records of the town in which the lands lie." Perhaps the legislature did not intend that the security of investors in railway bonds should depend wholly or partly on the accuracy and completeness of a number of different town records. But whether for that or other reasons, no recording on the land records of towns is required in the case of railway mortgages, and therefore the statutory sanction for failing to make such a record, as expressed in § 4036, is inapplicable to railway mortgages.

As already stated, chapter 149 of the Public Acts of 1905 provides no penalty or consequence for failing to record the mortgage in the office of the Secretary of State; and so the question whether, or under what circumstances, an attaching creditor of land may acquire priority over an unrecorded railway mortgage,

is to be determined in this State by the general law, which is well settled. "Attaching creditors, even without notice of the equitable claims of third parties, who, in the transactions in which the debts sought to be collected were incurred, gave no credit to, and had no knowledge of, the apparent or record title of the debtor to the property attached, do not, as to the equitable owners of such property, stand in the position of bona fide purchasers for value, unless by force of some statute law to that effect." *Waterman* v. *Buckingham*, 79 Conn. 286, 291, 64 Atl. 212. See, also, *Gray* v. *Graham*, 87 Conn. 601, and cases cited on pages 604, 605, 89 Atl. 262. The finding of the trial court on this point is that the plaintiff, in accepting the note for $9,000, did not rely on the record title, and did not assume or believe that there was no mortgage on the property of the Norwich and Westerly Railway Company. It follows that the court was right in holding that the plaintiff acquired no priority over the unrecorded mortgage by its attachment.

The plaintiff also contends that even if its lien is held to be subordinate to that of the foreclosed mortgage, it is entitled to a decree of foreclosure as against the Old Colony Trust Company, the trustee under the new mortgage, and to a decree to redeem the title which the Traction Company acquired at the foreclosure sale.

So far as this record goes, the plaintiff's right as second mortgagee to redeem the first mortgage does not appear to have been cut off by the foreclosure sale. The purchaser at that sale took no better title than the first mortgagee would have taken by a strict foreclosure; General Statutes, § 4144; and as the plaintiff was not a party to that suit its right of redemption was not cut off by the judgment. *Goodman* v. *White*, 26 Conn. 317, 320, 321; *Colwell* v. *Warner*, 36 Conn. 224,

234, 235; *Loomis* v. *Knox,* 60 Conn. 343, 350, 22 Atl. 771; *Ensign* v. *Batterson,* 68 Conn. 298, 305, 36 Atl. 51. In the absence of a finding that the plaintiff's rights were actually litigated and determined in that action, the mere filing of an intervening petition, which was never acted on, cannot operate by estoppel as the equivalent of a foreclosure of the plaintiff's equity of redemption. We need not, however, pursue the subject, for the plaintiff has not prayed for a decree to redeem, and did not plead any tender or offer to redeem (Practice Book, 1908, p. 397; *Emerson* v. *Atkinson,* 159 Mass. 356, 360, 34 N. E. 516); nor does it appear that any claim of a right to redeem was made and overruled in the course of the trial.

The only relief asked for was a foreclosure and possession of the premises; and as against these defendants the plaintiff has no right to that relief. The plaintiff may—so far as this record shows—still have a right to foreclose its original debtor, the Norwich and Westerly Railway Company, and thus cut off the right of that company to redeem the plaintiff's judgment lien. But the Railway Company is not made a party to this action. The only defendants here are those who, by force of the statute, stand in the same position in which the first mortgagee would have stood after a strict foreclosure to which the plaintiff was not a party; and as to these defendants the plaintiff's right—if any—is to redeem and not to foreclose.

We cannot yield to the defendants' contention that the plaintiff's attachment should be regarded as void *ab initio,* on the ground that particular parcels of real estate or fixtures necessary to the operation of a railroad ought to be exempted from attachment and execution on grounds of public policy. Very eminent authority is cited in support of this contention; but in this State the property of public service corporations,

except turnpike and toll-bridge companies, has always been subject to attachment and execution on substantially the same terms as that of other private corporations, without practical interruption of the public service. Should any real danger of such interruption arise, it would doubtless be averted by the appointment of a receiver and the consequent dissolution, under our statute (§ 1053), of all attachments and levies of execution not completed, made within sixty days next preceding the application for the appointment.

There is no error.

In this opinion the other judges concurred.