[No. 12410.    Department One.    April 7, 1915.]

JOSHUA M. GRAY et al., Respondents, v. MAE FULLER et al.,
Appellants.[1]

APPEAL AND ERROR—REVIEW—ASSIGNMENTS NOT BRIEFED. Errors
assigned upon the admission and rejection of testimony, not urged in
appellant's brief, will not be considered on appeal.

TRIAL—JUDGMENT—CONSTRUCTION AS FINDING. Where the judg-
ment in an action to rescind a sale for fraud recites that the
court finds that the sale was induced by the fraudulent representa-
tions of the defendants, the same is a finding upon an ultimate fact
in the case and the only one in issue, and it cannot be urged that the
judgment has no findings of fact to support it.

CONTRACTS — ACTION TO RESCIND — SUFFICIENCY OF EVIDENCE—
FRAUD. The evidence is sufficient to show fraud in the sale of a
half interest in an employment office, as brought about by fraudulent
and misleading representations, where it appears that the defend-
ants advertised the half interest of one partner in an employment
office for sale; that plaintiffs sought them out for the purpose of
purchase; that defendants represented the business was in good re-

[1]Reported in 147 Pac. 402.

pute and profitable, earning from $15 to $30 per day, and in the busy season $50 per day; that plaintiffs bought a half interest and took charge, but soon discovered that the representations were false; that the business was earning nothing; and that, upon discovery that the business was in bad repute and that there were no earnings or profits, they demanded a rescission.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 25, 1914, upon findings in favor of the plaintiffs, in an action for rescission, tried to the court. Affirmed.

*James L. Crotty* (*John T. Casey*, of counsel), for appellants.

*Jno. Mills Day*, for respondents.

MOUNT, J.—This action was brought to rescind a sale of a half interest in an employment office, and to recover back the money paid therefor, for the alleged reason that the sale was induced by fraudulent representations. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiffs as prayed for in the complaint. The defendants have appealed.

The respondents have moved to strike the appellants' abstract, statement of facts, transcript, and the briefs, and for an order to dismiss the appeal. We are satisfied that the case must be affirmed upon the merits, and shall therefore not notice the motion.

The appellants have assigned several errors upon the rulings of the court in admitting and rejecting testimony during the trial. These assignments are not urged in the brief, and we shall for that reason not notice them here.

The appellants urge that the trial court made no findings of fact, and that by reason thereof the judgment should be reversed. The judgment of the court recites:

"It is found by the court that . . . the defendants, Mae Fuller and George P. Rossman . . . fraudulently induced the plaintiffs Joshua M. Gray and Allie Gray, to purchase a one-half interest in said business, good will and

fixtures . . .; that the said sale and conveyance was
brought about by the false and fraudulent statements and
representations of the defendants Mae Fuller and George P.
Rossman; that upon the discovery of the fraud of the defend-
ants, plaintiffs demanded of said Mae Fuller, the return of
their money, and offered to convey, surrender and deliver to
her said property and said business; . . ."

It is apparent, we think, that this is the finding of an ulti-
mate fact in the case, and the only one at issue.

The main contention of the appellants is, that the evidence
is insufficient to show fraud. It appears from the record
that in the month of October, 1913, the appellants were part-
ners, running an employment office in the city of Seattle. An
advertisement was inserted in one of the Seattle newspapers
offering the interest of the appellant Mae Fuller for sale.
The respondents, upon seeing the advertisement, sought out
the appellants for the purpose of making a purchase. The
evidence of the plaintiffs is to the effect that the defendants at
that time represented that the business was in good repute
and profitable, was earning from $15 to $30 per day, and
that in the busy season of the year would take in $50 per day.
They were also informed at that time that a man had just
been in the office in answer to the advertisement, and had
offered $400 for a one-half interest in the business, but that
he had gone out and would not return until the afternoon.
The respondents, relying upon these representations, agreed
to, and did, pay the sum of $335 for a half interest in the
business. They immediately took charge, but soon dis-
covered that the representations were entirely false; that the
business was earning nothing; and upon discovering that the
business was in bad repute and that there were no profits in
the business, and no earnings, they demanded a rescission,
which was refused. This is the gist of the evidence upon the
question, and we think fully sustains the conclusion of the
trial court that the sale was brought about by fraudulent
and misleading representations.

The appellants also contend that there is no evidence to connect the appellant Rossman with the transaction. It is true there is no evidence that the appellant Rossman obtained any of the proceeds of the purchase price paid by the respondents. But we think there are sufficient circumstances in the case tending to show that he profited thereby, if he was not the real instigator of the transaction. We have read the statement of facts in the case and are convinced that the conclusion of the trial court was right.

The judgment is therefore affirmed.

MORRIS, C. J., PARKER, CHADWICK, and HOLCOMB, JJ., concur.