## P. H. & F. M. ROOTS CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.
February 23, 1927.)

### No. 3796.

1. **Courts** ⬅107—**Trial** ⬅393(1)—**Court rule, requiring findings of fact, and statute, requiring opinion, may be complied with by single document (Supreme Court rule 38; Comp. St. § 1577).**

Supreme Court rule 38, requiring findings of fact, and Act March 3, 1887, c. 359, § 7 (Comp. St. § 1577), requiring written opinion, may be complied with by a single document.

2. **Trial** ⬅395(1)—**Findings of fact, in action to recover taxes, held sufficient, under Supreme Court rule 38.**

In action to recover income taxes alleged to have been erroneously collected, findings on issue whether plaintiffs were entitled to have certain payment for patents and good will, considered as part of capital invested, *held* sufficient, under Supreme Court rule 38.

3. **Trial** ⬅395(5)—**Under Supreme Court rule, findings should be of ultimate facts, without recitation of evidence (Supreme Court rule 38).**

Under Supreme Court rule 38, findings of fact should deal with ultimate facts, without reciting the evidence.

4. **Appeal and error** ⬅554(3)—**Where findings are sufficiently specific, and support judgment, it will be affirmed, absent any bill of exceptions or statement of evidence.**

On writ of error, in action to recover income taxes paid, judgment will be affirmed, where findings are sufficiently specific, and support judgment, and where there is no bill of exceptions, or any statement of the evidence.

In Error to the District Court of the United States for the District of Indiana.

Action by the P. H. & F. M. Roots Company against the United States. Judgment for the United States, and plaintiff brings error. Affirmed.

W. W. Hammond, of Indianapolis, Ind., and Jas. Walton, of Pittsburgh, Pa., for plaintiff in error.

Albert Ward, of Philadelphia, Pa., for United States.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff brought this action to recover sums alleged to have been erroneously collected by the United States as a part of plaintiff's income tax for the years 1917 and 1918. In 1917, plaintiff paid $6,618.90 as its 1917 income tax. It paid $41,468.23 as its 1918 income tax. The Commissioner of Internal Revenue caused an audit to be made of the

17 F.(2d)·--22

returns upon which these taxes were based, and levied further taxes, which were paid under protest.

Plaintiff filed claims based largely upon the failure of the Commissioner of Internal Revenue to allow, as part of the capital invested, the sum of $380,234.97, which sum was paid by it to a predecessor corporation in 1893 for the transfer of certain patents and good will, and which amount was from the date of such transfer, down to and including March 3, 1917, carried on plaintiff's books as part of its valuable assets. Plaintiff's counsel states the issue thus:

"The only issue raised by the pleadings is: What was the fair market value, at date of the purchase thereof by plaintiff, of this asset, good will and patents? If it were fairly worth $171,387.50, the maximum permitted by law to be utilized as invested capital for the year 1918, then the plaintiff must recover in full. If it were worth nothing, as the lower court has found, then the plaintiff is entitled to no recovery whatsoever, and the judgment must be affirmed."

This statement fairly and squarely states the issue as presented by the pleadings. Inasmuch as the rate of taxation was dependent upon the ratio of earnings to "invested capital," it was necessary to ascertain the total value of "invested capital." The refusal to allow any sum for patents and good will, is assigned as error. The evidence taken on the trial is omitted, and we are confronted with a record consisting of the pleadings, to which are attached certain exhibits, the findings of fact, the judgment, and plaintiff's exceptions.

The judgment is assailed, however, because the court before whom the cause was tried, failed to make the necessary and proper findings of fact and conclusions of law as provided by rule 38 of the United States Supreme Court, adopted June 8, 1925,[1] and like-

[1] (1) In any case in the Court of Claims, where both parties request in writing, at the time the case is submitted, that the facts be specially found, it shall be the duty of the court to make and enter special findings of fact as part of its judgment.

(2) In any case in that court where special findings of fact are not so requested at the time the case is submitted, a party aggrieved by the judgment may, not later than 20 days after its rendition, request the court in writing to find the facts specially, and thereupon it shall be the duty of the court to make special findings of fact in the case and, by an appropriate order, to make them a part of its judgment. The judgment shall be regarded as remaining under the court's control for this purpose. Rule 38, U. S. Supreme Court, as revised, adopted June 8, 1925, effective July 1, 1925.

wise, failed to comply with the provision of section 7, chapter 359, of the Act of March 3, 1887 (Comp. St. § 1577).[2] In other words, error is predicated upon the failure of the court to file a written opinion, and also on its failure to make proper findings of fact covering the controverted issues.

[1] The court made certain findings of fact and conclusions of law (17 of the former and 2 of the latter), which cover too many pages to be here fully reproduced. No separate written opinion was filed, however. While the statute requires a written opinion, and the rule of court calls for formal findings of fact, we have no doubt that the District Court may comply with both requirements in a single document. In other words, the formal findings of fact and conclusions of law may in and of themselves constitute such an opinion as will meet the requirements of the statute. Likewise that which may be deemed an opinion may also embody all of the necessary findings of fact.

In many states similar statutes may be found, which necessitate special findings of fact and conclusions of law, where a jury is waived or where the suit is one in equity. The wisdom of such practice, irrespective of any statutory requirement, has been thoroughly demonstrated. While not required under the federal statute, many District Judges have followed this commendable practice of making special findings and conclusions when the responsibility for trying issues of fact is, through a waiver of the jury, imposed upon the court. The Congress, no doubt, recognized the desirability of such practice, when it insisted that it be followed in these actions, where the taxpayer seeks to recover excess taxes collected from him.

[2] In the instant case there was a bona fide effort made by the District Judge to comply with the requirements of the Supreme Court rule. Plaintiff, however, insists that these findings are mere general conclusions, and do not comply with the rule as the courts have interpreted it. This brings us to a consideration of the rule and a study of the particular findings.

Bearing in mind that the controverted is-

sue was the value of the patents and good will acquired by plaintiff on March 11, 1893, the following findings are significant:

"15. No evidence was offered segregating the value of the patents from the value of good will on March 11, 1893.

"16. The evidence does not sufficiently and satisfactorily establish that patents and good will transferred from the predecessor to the plaintiff corporation were of the value of $380,234.97 or of the value of $330,234.97, or any other sum on March 11, 1893, the date of the transfer.

"17. The evidence does not sufficiently and satisfactorily establish that the plaintiff is entitled to include in invested capital in its return for the years ended June 30, 1917, and June 30, 1918, the sum of $380,243.97, or the sum of $330,234.97, or any other sum claimed to be the value of patents and good will transferred for stock on March 11, 1893."

[3] We fail to appreciate the insufficiency of these findings. They specifically cover the sharply controverted issue in the case. They deal, as they should, with the ultimate facts without reciting the evidence. It is not only unnecessary, but would have been improper, for the court to recite the evidence that bore upon the ultimate fact. A few of the many cases defining what the findings should contain are herewith cited. Casualty Co. v. Fechheimer (C. C. A.) 220 F. 401; Cointe v. Cong, 154 Wis. 405, 143 N. W. 180; Scanlin v. Stewart, 138 Ind. 574, 37 N. E. 401, 38 N. E. 401; Riley v. Jorgenson, 35 S. D. 91, 150 N. W. 771; Harbicon v. Chamberlin, 82 Wash. 556, 144 P. 717; Fraser v. Bank, 18 N. M. 340, 137 P. 592; Wunder v. Turner, 120 Minn. 13, 138 N. W. 770; Land Co. v. Dixon, 132 Minn. 144, 155 N. W. 1038; Wolf v. Eagleson, 29 Idaho, 177, 157 P. 1122; Schley v. Andrews (Sup.) 151 N. Y. S. 429; Home v. Collins, 97 Kan. 87, 154 P. 274; Gray v. Fuller, 85 Wash. 13, 147 P. 402; Trust Co. v. Tract Co., 89 Conn. 59, 92 A. 880; Hitchcock v. Rooney, 171 Cal. 285, 152 P. 913.

As stated in 26 R. C. L. 1092: "It is well settled that findings of fact should be findings of ultimate rather than evidentiary facts, and that mere evidentiary findings will be disregarded. Findings should never be put in the form of a résumé of the evidence as this merely leads to confusion."

[4] We conclude the findings are sufficiently specific; that they support the judgment. There being no bill of exceptions, no statement of the evidence, we cannot disturb either findings or judgment.

The judgment is affirmed.

---

2 The Duty of the Court. "That it shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case, and to render judgment thereon. If the suit be in equity or admiralty, the court shall proceed with the same according to the rules of such courts."