[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated June 7, 1996, the plaintiff, Debra Young, brought this action to foreclose a judgment lien on property known as 1505 Country Club Road, Middletown, Connecticut. The underlying judgment was obtained against the defendant, David Roane, on April 10, 1990. The certificate of judgment lien was recorded January 18, 1996. On August 18, 1997, a surety bond in favor of the plaintiff, was substituted, by the defendant, Philip Armetta, as security for the plaintiffs claim. On January 7, 1998, the plaintiff filed a Third Amended Complaint seeking to foreclose the original judgment lien in order to obtain the proceeds of the surety bond.
On February 17, 1998, the defendant, Armetta, filed his Answer and Special Defenses. The essence of Armetta's special defense is that when he closed on the subject property on November 20, 1995, he paid the entire purchase price and all closing costs, including attorney's fees and that the record title was taken in his name and the defendant Roane's name at the insistence of the seller, FDIC. Armetta alleges that his intent, at the closing; was to take a beneficial interest in the entire property and that a resulting trust was created by operation of law at closing. Armetta asserts that Roane has no equitable interest in the property and that Roane's limited legal interest in the property, as trustee holding for the equitable benefit of Armetta is not subject to execution by the plaintiff because she is not a bona fide purchaser for value. Therefore she is not subject to the protection afforded purchasers and other creditors under Connecticut General Statutes Section 47-10, our recording statute. The plaintiff denies the defendant's Special Defenses and after the plaintiffs Motion for Summary Judgment was denied, the parties being at issue, trial was held to the court.
After a full trial, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence and the lawful, reasonable and rational inferences to be drawn therefrom, finds, determines and rules as follows:
On and before November 20, 1995, the Federal Deposit Insurance CT Page 6667 Corporation, (FDIC) was the owner of the property subject of this suit.
The defendant, Roane and the FDIC had entered into an agreement wherein the FDIC was to sell the property to Roane.
At the date of the closing, Roane had no funds with which he could purchase the property.
The defendant, Armetta, agreed to supply all the funds and to pay all the closing costs and attorney's fees.
The defendant's, Armetta and Roane wanted the title to be placed in Armetta's name d/b/a Willfort Associates.
The FDIC was unwilling to place title in Armetta's d/b/a Willfort Associates, because it was under a contract to sell to Roane and that if it did not sell the property to Roane it might be at risk if it allowed the substitution of a different purchaser without providing an opportunity to another interested party who indicated a desire to purchase the property.
The FDIC had imposed November 20, 1995, as a deadline for the closing, and if the closing did not occur the negotiating process for the purchase would have to begin anew.
The FDIC did agree that, in addition to Roane's name, it would include Armetta's name on the deed.
The closing proceeded and title was transferred to Roane and Armetta.
The court expressly finds:
That Roane, on the date of the closing, had no funds with which he could purchase the property or pay the costs of the closing or resultant attorney's fees.
That Armetta supplied all the funds, consisting of the purchase price, closing costs and counsel fees.
The intent of Roane and Armetta was that Roane's interest in the property was mere legal title as trustee for the benefit of Armetta who was the equitable owner. CT Page 6668
Roane had no equitable interest in the property.
The plaintiff was not a bona fide purchaser for value.
The plaintiffs judgment lien was a claim against Roane and did not involve the defendant, Armetta.
The court concludes that, in an action to foreclose a judgment lien, a plaintiff cannot take the equitable interests in the land that is owned by others than the judgment debtor, unless the debt which it is sought to satisfy was contracted upon the faith or credit of the debtors apparent sole and absolute ownership of the property. See General Statutes Section 47-10, Patton on LandTitles Section 6 (Second Edition, 1957); Shaw v. Jackson,92 Conn. 345 (1918); Washington Trust Co. v. Norwich WesterlyTraction Co., 89 Conn. 59 (1915); Waterman v. Buckingham,79 Conn. 286 (1906).
The plaintiff's judgment against Roane was obtained in 1990, five years prior to Roane's apparent or record title to the subject liened premises. Obviously, it was impossible for the plaintiff to rely upon the apparent record ownership of Roane because the debt guaranteed by Roane was created on October 7, 1988, approximately seven years before Roane's name appears as a grantee of the subject property. (Reference: Parmelee v. T DConcepts, Incorporated, et al., Superior Court Middlesex Judicial District, Judgment date April 10, 1990).
Accordingly, the plaintiff is a judgment creditor and not a bona fide purchaser for value, the plaintiff did not, actually could not, rely on the apparent ownership of Roane. Therefore, there being no reliance and her status not being that of a bona fide purchaser for value, the plaintiffs judgment lien is ineffective as to and is not entitled to priority over Armetta's equitable interest in the property.
Further, the court concludes that where the purchase price for property is paid by one and the legal title is taken in the name of another, a resulting or presumptive trust is created by operation of law wherein the trust arises at once in favor the person paying the money, the holder of the legal title becoming a trustee for the benefit of the person supplying the purchase price.
Although a resulting trust is not necessarily created where CT Page 6669 one supplies the purchase money and title is taken in the name of another, the nature of the transaction and the intent of the parties must be looked to in the courts determination of whether such trust was precipitated.
The court expressly finds and concludes that it was the intent of the parties that Armetta was to be the sole owner of the premises and that Roane's role as trustee, was to hold the legal title for the benefit of Armetta and to facilitate the closing.
In summation, the court finds:
1. The entire purchase price and the closing costs for the subject property was paid by Armetta.
2. Armetta's insistence on being made a grantee at the closing, and after the closing his payment of all real estate taxes, improvements on the land and assumption of any profits by him, indicates has position as equitable owner.
3. Armetta had no intention of making a gift of the property to Roane.
4. The plaintiff could not have relied of the apparent ownership of Roane in 1995, for a debt that was created in 1998.
5. The plaintiff was not a bona fide purchase for value therefore her judgment lien against Roane cannot prevail against the equitable ownership of Armetta. Her lien attaches to the interest of Roane which was merely as trustee. Without reliance, the plaintiff cannot complain of being misled.
6. The defendant Roane was not shown, by the plaintiff, to hold an equitable, attachable interest in the property.
Therefore, judgment is entered for the defendants on the plaintiffs complaint, together with costs of suit.
SPALLONE STATE TRIAL REFEREE