## G. L. WEBSTER CANNING CO., Inc., v. HOGUE–KELLOGG CO., Inc.

Circuit Court of Appeals, Fourth Circuit.
July 22, 1929.

No. 2858.

James E. Heath, of Norfolk, Va., for appellant.

Vivian L. Page and Ivor A. Page, both of Norfolk, Va. (Reginald J. D. Page, of Norfolk, Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PER CURIAM. This action at law for breach of contract was before this court on a prior occasion [see 22 F.(2d) 384], and it was then decided that the plaintiff below was entitled to recover, if it could substantiate the facts set out in the declaration. A jury trial was had, resulting in a verdict in the plaintiff's favor, and the case is now before the court on certain assignments of error, in which it is alleged.that the defendant was prejudiced by the ruling of the District Court on certain questions of law. The errors complained of may be considered under three headings.

The contract between the parties provided that the plaintiff, a California corporation, should sell to the defendant, a Virginia corporation, for seed purposes a certain quantity of Henderson bush dwarf Lima beans at $13 per hundredweight, the freight to be paid by the plaintiff. In compliance with the contract, the beans were shipped to Norfolk, Va., where the place of business of the defendant is located. The defendant claims in the first place that the verdict of the jury should have been in favor of the defendant, because the contract contemplated that the beans should be hand-picked, and the evidence fails to show that the goods were of this character. If the goods did not comply with the contract, the plaintiff, of course, was not entitled to recover, and the question might have been seasonably raised by motion or prayer for a directed verdict. The defendant, however, failed to make any such motion, and, under these circumstances, the general rule is that the sufficiency of the evidence to support the verdict cannot be reviewed.

We have, however, examined the record, and we are satisfied that there was evidence to support the verdict. Two of the officers of the plaintiff company testified that the beans were of the quality and description covered by the contract, and an officer of the defendant itself, in a communication to the plaintiff, stated that, when the beans were hand-picked, they should have been picked more carefully. There is no evidence whatever to indicate that the beans were not hand-picked, and indeed no effort was made to cross-examine the witnesses of the plaintiff on this point. The court instructed the jury that the contract contemplated that the seller would furnish the buyer with hand-picked beans, and that the plaintiff could not recover until it sustained the burden imposed by law upon it to show that it had supplied the kind and character of beans covered by the contract. It is obvious under these circumstances that the defendant has no good ground for complaint in this respect.

In the second place, the defendant contends that the verdict should have been in

its favor because, after differences between the parties arose and the defendant refused to accept the shipment, the plaintiff took possession of the property and rescinded the contract. This contention is based upon a telephone conversation between representatives of the parties, after the defendant had given notice of its rejection of the goods. The evidence as to the nature of the telephone conversation was conflicting. On behalf of the defendant it was testified that the agent for the seller stated that other persons were willing to buy the beans at the contract price, but that the seller was willing to reduce the price to the defendant one-half cent per pound. This offer was rejected, and the plaintiff's agent was told that he had better sell the beans to the other parties, to which proposition the agent assented and the matter was closed. The testimony, on the other hand, is to the effect that the seller's agent offered to make the reduction of one-half cent per pound, but that the defendant refused to accept it, whereupon the seller's agent stated that they would be compelled to sell the beans at a reduction, and the conversation terminated.

The court instructed the jury that the burden of proof was upon the defendant to establish the rescission of the contract, and that, if the jury believed from a preponderance of the evidence that the conversation, as related by the defendant's witnesses, was borne out, then a rescission of the contract had taken place, and the plaintiff was not entitled to recover; but that, on the other hand, if the jury found that the account of the conversation given by the seller's agent was correct, the contract had not been rescinded, and the jury should disregard the incident. Later in its charge the court referred to a letter written by the defendant company, after the telephone conversation. Therein the defendant, referring to the telephone conversation, failed to state that the plaintiff's representative had agreed to regard the contract as at an end, and stated, amongst other things, that it was ready to do all that its contract required. The court charged the jury that it might consider this letter as bearing upon the understanding which the parties had of the telephone conversation, and that, even if the jury found that the conversation had been correctly described by the defendant's witness, nevertheless, if the defendant did not understand that a rescission of the contract had taken place, the conversation might be disregarded by the jury. It is our opinion that the instruction of the court fairly covered the circumstances of the case, and left it to the jury to determine whether the minds of the parties were in agreement as to the rescission of the contract, and, the jury by its verdict having determined adversely to the defendant, it has no just cause of complaint.

In the third place, the defendant contends that the verdict of the jury was excessive, and that the jury was not instructed that the measure of damages was the difference between the contract price of the goods and the market price at the place of delivery at the time of rejection. The evidence tended to show that the market price had declined by the time that the goods arrived at Norfolk, Va., and that there was a declining market until the date of the resale of the beans by the plaintiff. The fluctuations in the market from time to time, and the market price on the date of resale, were not expressly shown, but there was evidence tending to show that the plaintiff sent out samples of the goods to a number of prospective purchasers, and endeavored on frequent occasions to dispose of the beans; but as it was late in the season, and the trade had been supplied, it was not possible to dispose of the goods on the same favorable basis upon which they had been sold to the defendant. The beans were ultimately sold through brokers to another purchaser in Virginia.

On this branch of the case the court instructed the jury that the damages claimed by the plaintiff consisted of the difference between the contract price and the price at which the goods were resold, plus the expense of selling them, but the jury was told that it was the duty of the plaintiff to do all it could to minimize the damages, and to get all that it could for the beans, so as to save the defendant from further loss, and that, if the jury found that the plaintiff had failed to sell the beans on the best market and get the best price for them, then the plaintiff was not entitled to recover any more than the amount of its inevitable loss, and that, if the jury believed that the plaintiff sent out circulars to purchasers and endeavored to sell the beans to the best advantage, and did so sell them, then it was entitled to the amount of the damages claimed. Since the court substantially laid down the true rule of the measure of damages in such cases, there was no error in this respect.

The judgment of the District Court is affirmed.