## BROWN SHEET IRON & STEEL CO. v. WILLCUTS, Collector of Internal Revenue.

### No. 8816.

Circuit Court of Appeals, Eighth Circuit.

Nov. 14, 1930.

Benjamin H. Flesher, of Minneapolis, Minn., for appellant.

Martin W. Goldsworthy, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment in favor of the collector of internal revenue in an action brought by the appellant against the collector to recover the sum of $6,845.73, which had been collected as a manufacturer's excise tax on the sales of steel tanks for use on automobile trucks, automobile wagons, or chassis. By stipulation in writing, duly filed, a jury was waived, and the case was tried to the court.

The excise tax had been collected by the government on the theory that the steel tanks were parts of, or accessories to, automobile trucks within the meaning of section 900 of the Revenue Act of 1918 (40 Stat. 1122), and section 600 of the Revenue Act of 1924 (26 USCA § 881 note). It was the contention of plaintiff that the steel tanks manufactured by it were not such parts or accessories.

The trial court heard the testimony and made findings of fact and conclusions of law in favor of the defendant collector. Judgment was entered accordingly.

No objections were taken by appellant to the introduction of evidence. No motion for judgment was made in its behalf. No declaration of law was requested by it. Under these circumstances, the scope of review in this court is very limited.

Questions of admission or exclusion of evidence, questions whether there is substantial evidence to support the findings are not before the court for consideration. Federal Intermediate Credit Bank of Omaha v. L'Herisson (C. C. A.) 33 F.(2d) 841, and cases cited.

It is true there are a number of assignments of error relating to such questions, but assignments of error cannot and are not intended to fill the place of the usual and proper steps taken in the course of a trial to call the attention of the trial court to alleged error, as, for example, objections touching the introduction of evidence; motion for judgment in favor of one party on the ground that the evidence will not support a judgment for the opposing party; and other similar steps. Assignments of error touching such matters are of no avail, unless they have for their foundation some such proper prior step taken at the trial.

The only question open for review in this court in the case at bar is whether the special findings are sufficient to support the judgment.

Assuming what is very doubtful that there is any assignment of error which properly covers this point, yet this question is not argued or presented by appellant, and could not well be, in view of the finding of fact of the trial court that the steel tanks in

controversy "were in fact automobile parts and accessories."

This finding covered the pivotal fact in the case, and, in connection with the other findings, amply supported the judgment.

The judgment is affirmed.