### BUECHLE v. MONTGOMERY et al.
#### No. 8764.

Circuit Court of Appeals, Eighth Circuit.
Dec. 4, 1930.

Rehearing Denied Jan. 10, 1931.

Jay M. Lee, of Kansas City, Mo. (J. A. Harzfeld and J. Howard Woods, both of Kansas City, Mo., on the brief), for appellant.

Massey Holmes, of Kansas City, Mo. (James A. Reed, Daniel S. Millman, and John J. Henry, all of Kansas City, Mo., on the brief), for appellees.

Before STONE and VAN VALKEN-BURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellant is the receiver of the First National Bank of Excelsior Springs, Mo., by appointment of the Comptroller of the Currency. April 5, 1926, he filed in the District Court of the United States for the Western District of Missouri against appellee T. J. Montgomery and one Alex Richards his petition in two counts, to recover, on the first, $100.01, with interest, and, on the second, $250, with interest. This cause was numbered 6464. On the same day, in the same court, and against the same defendants, the said receiver filed a second suit numbered 6465, by which he sought to recover a balance on note of $1,172.45. Appellee T. J. Montgomery filed separate answers in both cases, in which he admitted the indebtedness therein pleaded, but interposed in each a counterclaim in the aggregate of $15,200. This counterclaim was in five counts and covered moneys alleged to have been delivered to said First National Bank on various dates for investment "in first class commercial paper to net appellee interest at the rate of eight per cent per annum, payable annually, which sum remained the property of defendant until accounted for to defendant by investment or otherwise."

It is further alleged that the bank had never performed said trust by making any such investment, or by delivering either securities or money, although demand had been made both upon the bank and upon its receiver. Appellee prayed that he be declared to have an equitable lien upon the estate of the bank in the hands of the receiver for all such moneys, aggregating $15,200, as aforesaid, and for interest thereon. June 29, 1926, appellee Anna H. Montgomery, wife of T. J. Montgomery, filed suit against receiver Buechle in the circuit court of Clay county, Mo., to recover moneys in the sum of $1,200, upon the same grounds alleged by her husband in support of his counterclaim in causes 6464 and 6465. Her cause was removed to the same court of the United States, where it received the number 6548.

The substance of the receiver's answer to the claims of appellees is thus epitomized by the trial judge:

"(1) That the bank was not authorized to exercise trust duties or engage in a trust business or to receive special deposits or to purchase or procure notes for investment by others; (2) that if the bank did any of such acts they were beyond its lawful power; (3) that if any money was delivered as charged in the counter-claim and petition, it was delivered not to the bank but to one Beth M. Meservey personally; (4) that the defendant is estopped by his negligence and laches to assert any claim against the receiver of the bank on account of the sums alleged to have been delivered to the bank; and (5) that the sums alleged to have been delivered to the bank were invested by Meservey for the defendant in negotiable instruments which hitherto have been tendered and are again tendered by the pleadings of the receiver."

The issues being framed and settled, the three cases were considered together. A jury was waived in writing, and the court rendered a general judgment in favor of appellee Anna H. Montgomery for the full amount of her claim, and in favor of appellee T. J. Montgomery for the amount of his counter-claim, less the sums admitted to be owed by him in his separate answers to the petitions in causes numbered 6464 and 6465. The defendant Richards filed no answer to the receiver's petitions, and does not appear in this appeal. Appellant filed no request for findings of fact or declarations of law in the course of the trial, nor later. The trial judge made no findings of fact within the meaning of the controlling statutes. The applicable sections are 773 and 875, title 28, U. S. C. A., which read thus:

"§ 773. Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

"§ 875. Review in cases tried without jury. When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

■■ It is obvious, under the repeated rulings of the Supreme Court and of this court, that the record presents nothing for review. The finding of the court has the same effect as the verdict of a jury.

"When an action at law is tried by the court upon a written waiver of jury, the appellate court cannot consider the question of whether or not there is substantial evidence to support the trial court's finding unless the question is raised and presented in that court for its decision." Pennok Oil Co. v. Roxana Petroleum Co. (C. C. A. 8) 289 F. 416, 418; McFarland v. Central National Bank (C. C. A. 8) 26 F.(2d) 890.

"The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial." Wear v. Imperial Window Glass Co. (C. C. A. 8) 224 F. 60, 63; Allen v. Cartan & Jeffrey Co. (C. C. A. 8) 7 F.(2d) 21, 22.

Attention is especially directed to the following decisions of this court, dealing with some phase of the situation here presented: Barnard v. Randle (C. C. A.) 110 F. 906, 909; Seep v. Ferris-Haggarty Copper Mining Co. (C. C. A.) 201 F. 893, 894; Mason et al. v. United States (C. C. A.) 219 F. 547; United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 F. 1; McClay v. Fleming (C. C. A.) 271 F. 472; Stoffregen v. Moore (C. C. A.) 271 F. 680; Highway Trailer Co. v. City of Des Moines (C. C. A.) 298 F. 71; Hirning et al. v. Live Stock National Bank (C. C. A.) 1 F.(2d) 307; Denver Live Stock Commission Co. v. Lee et al. (C. C. A.) 20 F.(2d) 531; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983.

■ The doctrine was early announced by Mr. Justice Clifford, speaking for the Supreme Court in Mercantile Mut. Insurance Company v. Folsom, 18 Wall. 237, 248, 21 L. Ed. 827. But counsel for appellant urge that the memorandum opinion of the trial court, which discusses the facts to some extent in setting forth the reasons for his decision, is tantamount to the special finding contemplated by statute. This contention, however, has been authoritatively ruled to the contrary. United States v. Sioux City Stock Yards Co. (C. C. A. 8) 167 F. 126; Fleischmann Co. v.

United States, etc., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624. The subject is exhaustively treated by the Supreme Court on pages 355 and 356 of 270 U. S., 46 S. Ct. 284, 287:

"The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. [Citing cases.] And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. [Citing cases.] To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. * *. * In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits."

In support of his conclusions, Mr. Justice Sanford cites many cases of his own court, and several from Circuit Courts of Appeals, including United States v. Sioux City Stock Yards Company, supra.

We have considered the case of Roots Co. v. United States (C. C. A. 7) 17 F.(2d) 337, which counsel have brought to our attention. It is there held that the Supreme Court rule requiring findings of fact, and the statute requiring a written opinion in certain cases, may be complied with by a single document. It is clear that the court did not have before it the question here presented. We do not think its holding conflicts with the conclusion here reached; but, if so regarded, it is not in harmony with principles authoritatively established by the Supreme Court and followed consistently in this circuit. It results that the judgments appealed from must be, and are, affirmed.