INTER–SOUTHERN LIFE INS. CO. v. KLABER, Public Administrator.

No. 9042.

Circuit Court of Appeals, Eighth Circuit.

May 1, 1931.

Spencer F. Harris, of Kansas City, Mo. (Harris & Koontz, of Kansas City, Mo., on the brief), for appellant.

Charles N. Sadler, of Kansas City, Mo. (William C. Reynolds, of Kansas City, Mo., on the brief), for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

VAN VALKENBURGH, Circuit Judge, delivered the opinion of the court.

Thomas B. Willhoit, originally a citizen and resident of Missouri, went to Arkansas in 1920 to engage in a mercantile business. September 1, 1922, he took out, in the appellant company, a Kentucky corporation, with its home office at Louisville, in that state, a policy of life insurance which provided, in case of death, for the payment to insured of the sum of $2,000, and an additional sum of $2,000 if the death should result, directly and independently of all other causes, from bodily injuries effected solely through external, violent, and accidental means while the insured was sane and sober. September 1, 1926, the insured disposed of his Arkansas store and purchased one in Springfield, Mo., to which city he moved with his family. He was a resident of Kansas City, Jackson county, Mo., at the time of his death, December 17, 1928. The premiums on his policy were kept paid when due until September 1, 1927. At that date he paid a small amount in cash and gave his ninety-day note for the balance, which kept his policy alive until December 1, 1927. December 28, 1927, the policy had lapsed, but was reinstated January 24, 1928. The policy when issued contained the following clause: "Incontestability: Subject to the conditions contained in this policy relating to disability or accident benefits, if any, this policy shall be incontestable, except for non-

payment of premiums, when, after one year from its date, or the date of any reinstatement thereof, the next annual premium has been fully paid in cash. A reduced amount, however, will be payable in case of death, during or in consequence of military or naval service in time of war without a permit, or in case of self-destruction, as hereinafter provided, in sections entitled 'Self-Destruction' and 'Occupation'."

The self-destruction clause referred to is in the following language: "Self-Destruction. In case of self-destruction within two years from the date of this policy or of any reinstatement thereof, whether sane or insane, whether or not the insured from the lack of possession or control of his mental powers, understands that the act he is committing will probably result in his death, the sum payable hereunder shall be one-tenth of the principal sum of the policy, or its cash value, whichever is greater, less any indebtedness thereon to the company."

After reinstatement the premiums were paid up, and the policy was in full force at the time of the death of the insured, which resulted from poison self-administered.

Appellee is the public administrator of Jackson county, Mo., and, as such, the duly appointed and acting administrator of the estate of Thomas B. Willhoit, deceased. His petition on the policy was in two counts. The cause of action on the first count is thus stated: "Plaintiff states said policy provides and defendant agreed to pay, by the terms thereof, the sum of two thousand dollars in the event of the death of the said Thomas B. Willhoit; and that in addition thereto, plaintiff is entitled to a refund of six per cent on a loan on said policy, said refund amounting to nine dollars and sixty-five cents, and in addition to said refund to six credit coupons attached to, and a part of said policy, said coupons amounting to one hundred seven dollars and sixteen cents together with four per cent compound interest thereon, said interest amounting to the sum of twelve dollars and fifty cents, making a total additional sum of one hundred twenty-nine dollars and sixty cents, less a loan on said policy in the sum of two hundred twenty-eight dollars, leaving and making the total amount due on said policy on the first count thereof, the sum of nineteen hundred one dollars and thirty-one cents."

The second count declared on the double indemnity clause applicable in case of accidental death. Before suit respondent agreed to waive this second count if appellant would

pay the face of the regular policy—$2,000, less indebtedness, plus dividend coupons. Appellant declined, contending that its liability was limited to $189.21 under the terms of the self-destruction clause quoted above.

A jury was waived in writing. The court rendered a general judgment in favor of appellee for the full amount claimed on both counts. On the first count damages (10 per cent.) and attorney's fees in the sum of $750 were assessed for vexatious refusal to pay as provided by the Missouri statute.

It is not denied that the insured died by his own hand. Respondent claims that he was insane when the act of self-destruction was committed, that the contract of reinstatement was a new contract, consummated in Missouri, and that under the laws of that state (Section 6150, Rev. St. Mo. 1919) the defense of suicide is denied to appellant. Scales v. National Life & Accident Ins. Co. (Mo. Sup.) 212 S. W. 8; Brunswick v. Standard Accident Ins. Co., 278 Mo. 154, 213 S. W. 45, 7 A. L. R. 1213.

■ In the state of the record our review at most would be limited to questions arising on the pleadings, and none are presented by the assignment of errors. This was an action at law, tried to the court on a written waiver of jury. There were no requests for findings of fact or conclusions of law, and none were made or given. No demurrer to the evidence was filed, nor motion for judgment at the close of all the evidence. The record discloses a mere general finding and judgment for appellee. Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983; Buechle v. Montgomery et al. (C. C. A. 8) 45 F.(2d) 987, 988; Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

In Buechle v. Montgomery, supra, under a like state of the record, we held that nothing was presented for review, quoting from previous decisions of this court as follows:

" 'When an action at law is tried by the court upon a written waiver of jury, the appellate court cannot consider the question of whether or not there is substantial evidence to support the trial court's finding unless the question is raised and presented in that court for its decision.' Pennok Oil Co. v. Roxana Petroleum Co. (C. C. A. 8) 289 F. 416, 418; McFarland v. Central National Bank (C. C. A. 8) 26 F.(2d) 890.

" 'The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is

made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial.' Wear v. Imperial Window Glass Co. (C. C. A. 8) 224 F. 60, 63; Allen v. Cartan & Jeffrey Co. (C. C. A. 8) 7 F.(2d) 21, 22."

However, on the merits our decision would not be otherwise. There was ample evidence to the effect that deceased was of unsound mind when he took the lethal dose. The contract of reinstatement was a new contract. The insured was a citizen and resident of Missouri and the last act essential to the consummation of the contract of reinstatement took place there. The certificate issued by appellant expressly states that "the policy is hereby reinstated effective upon manual delivery of this certificate to the policy holder while alive and in good health." That manual delivery was made in Springfield, Mo. Wastun v. Lincoln Nat. Life Ins. Co. (C. C. A. 8) 12 F.(2d) 422; Lincoln Nat. Life Ins. Co. v. Hammer (C. C. A. 8) 41 F.(2d) 12, 17.

It will thus be seen that, in any view, the judgment below must be affirmed. It is so ordered.