## FRICKE v. GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION, Limited.

### No. 9308.

Circuit Court of Appeals, Eighth Circuit.

May 5, 1932.

Rehearing Denied Aug. 8, 1932.

Harry G. Kyle, of Kansas City, Mo. (Walter A. Raymond, of Kansas City, Mo., on the brief), for appellant.

Leslie A. Welch, of Kansas City, Mo. (Thomas Hackney, Guy M. Cowgill, and Arthur C. Popham, all of Kansas City, Mo., on the brief), for appellee.

Before STONE and BOOTH, Circuit Judges, and WYMAN, District Judge.

WYMAN, District Judge.

This is an appeal from a judgment of the United States District Court for the Western District of Missouri, in an action upon an accident insurance policy. The suit was instituted by appellant, as plaintiff below, in the state circuit court of Jackson county, Mo., and thereafter, upon petition of appellee, defendant below, setting forth the jurisdictional requisites as to diversity of citizenship and amount involved, was removed to the federal court.

The complaint, after averring the appointment and qualification of the plaintiff as the administrator of the estate of Louis E. Riddle, deceased, the corporate existence of the defendant, the execution and delivery of the policy in suit, copy of which is marked as an exhibit and attached to the complaint, among other things, alleges in substance:

That on February 11, 1930, while said policy of insurance was in full force and effect, said Louis E. Riddle died from accidental bodily injuries caused by a pistol shot fired by himself while he was a passenger on a street car, which was a public conveyance operated by the Kansas City Public Service Company, as a common carrier for passenger service. That the cause of death was suicide committed while Louis E. Riddle was mentally unbalanced and his reasoning faculties so impaired by physical and mental disease that he was unable to understand the moral character of said act, or to distinguish between right and wrong, and mentally incapable of controlling his conduct rationally and was impelled to said act by an irrational impulse. That by reason of the death of the said Louis E. Riddle in the manner aforesaid, there was due and owing to the plaintiff from the defendant insurance company the sum of $15,000, as double indemnity pursuant to the terms of said policy. The complaint also alleges the furnishing of proof of loss and the demand upon the company for payment and the failure and refusal to pay.

The defendant company, by its answer, admits the execution and delivery of the policy, but specifically denies that the injuries to, and death of, said Riddle were effected directly and independently of all other causes through accidental means.

The issue thus presented was tried to a jury and resulted in a verdict in favor of the defendant insurance company, and from the judgment entered upon said verdict the plaintiff has appealed to this court.

There are numerous assignments of error,

nine of which are specified in the brief and apparently relied upon by appellant, but with the single exception of assignment of error No. 3, there appears to be nothing in the bill of exceptions which could furnish a basis for any of such assignments. As stated by this court in Brown Sheet Iron & Steel Co. v. Willcuts, 45 F.(2d) 390: "It is true there are a number of assignments of error relating to such questions, but assignments of error cannot and are not intended to fill the place of the usual and proper steps taken in the course of a trial to call the attention of the trial court to alleged error, as, for example, objections touching the introduction of evidence; motion for judgment in favor of one party on the ground that the evidence will not support a judgment for the opposing party; and other similar steps. Assignments of error touching such matters are of no avail, unless they have for their foundation some such proper prior step taken at the trial."

Assignment of error No. 3, which is supported in the bill of exceptions by proper exception to the ruling complained of, presents for review the action of the trial court in permitting Dr. Robinson, who was called and sworn as an expert witness in behalf of the defendant, to testify in answer to a hypothetical question propounded by counsel for defendant, over plaintiff's objection, to his opinion of the mental capacity of the insured to know the consequences of his act at the time of the suicide. The testimony of the witness established that he was qualified to testify as an expert. The objection to the question limits the grounds of the objection to the claim that the question was an invasion of the province of the jury. Clearly there is no merit to such a contention. The trial court was correct in overruling the objection and no prejudice resulted to the plaintiff.

By assignment of error No. 2 appellant complains of the action of the trial court in denying his motion for a new trial. Even if this assignment was supported by proper and necessary exceptions to the ruling of the court in the bill of exceptions, it could not be considered by this court, as it has repeatedly been held that such a motion is addressed to the sound discretion of the trial court and the ruling thereon cannot be assigned as error, nor considered by this court on appeal, in the absence of a showing of gross abuse of discretion, and, clearly, there was no abuse of discretion in this case. Fidelity & Casualty Co. of New York v. Neimann (C. C.

A. 8) 47 F.(2d) 1056, 1057, and cases there cited.

By the remaining assignments of error appellant claims error in various rulings of the court as to the admission of evidence, and also certain statements made by the judge of the court in his voir dire examination of the jury and his instructions at the close of the trial. An examination of the bill of exceptions discloses that no motion for a directed verdict was made by the appellant at the close of the evidence; that no exceptions were taken to the instructions of the court; and, save in the one instance already referred to, no exceptions taken to the rulings of the court now complained of. The authorities are unanimous to the effect that failure to move for a directed verdict at the close of the case precludes the consideration of the question of the sufficiency of the evidence to support the verdict and judgment on appeal. G. L. Webster Canning Co., Inc., v. Hogue-Kellogg Co., Inc. (C. C. A. 4) 34 F.(2d) 10; Swift & Co. v. Daly (C. C. A. 9) 44 F.(2d) 40; Interstate Stage Lines Co. v. Ayers (C. C. A. 8) 42 F.(2d) 611.

It is equally well settled that where no exceptions are taken to the court's charge to the jury it becomes the law of the case and will not be reviewed by the appellate court. In this condition of the record it would appear that both the law and the facts of the case are settled and cannot be interfered with by this court except to prevent a manifest miscarriage of justice. Evidently prompted by a realization of the defective condition of the record, counsel for appellant devotes a considerable portion of his argument to the proposition that under section 391, title 28, USCA, and rule 11 of the rules of this court, plain error is preserved without an exception and should be noticed and considered by the reviewing court even though not excepted to upon the trial. While it is true that an appellate court, within its sound discretion, may, especially in criminal cases, consider manifest errors occurring during the trial which have not been properly preserved and presented on appeal, this should be done only when such action is necessary to prevent gross miscarriage of justice. After a careful examination of the entire record in this case, we are abundantly satisfied that it calls for no such action by this court. Parker et al. v. Elgin et al. (C. C. A. 6) 5 F.(2d) 562; Vance v. Chapman (C. C. A. 8) 23 F.(2d) 914.

The disputed issues were fairly tried, the court's instructions correctly advised the jury

as to the law, and the verdict and judgment should not be disturbed.

For the foregoing reasons the judgment of the District Court is affirmed.