## CLAUSON v. UNITED STATES.
### No. 9399.

Circuit Court of Appeals, Eighth Circuit.
July 6, 1932.

and that after the attack of influenza he was unable to walk as he had walked, had pains in his hips, and that his left leg dragged and it was necessary for him to lean against something when he stands erect, at the time he was discharged from the United States Army, I will ask you whether or not, in your opinion, at that time, in May 1919, that condition existing as I have just enumerated to you, whether or not, in your opinion, he was then totally and permanently disabled so as to be unable to follow continuously a substantially gainful occupation?"

Objection to the question could properly be sustained on several grounds: First, that the question did not embrace all of the material facts disclosed by the evidence; second, that the qualification of the witness to answer such a question had not been satisfactorily shown; third, that on the evidence given, the question was not one calling for expert opinion.

E. B. Adams, of Hot Springs, S. D., for appellant.

E. D. Barron, Asst. U. S. Atty., of Sioux Falls, S. D. (Olaf Eidem, U. S. Atty., of Sioux Falls, S. D., and Byron S. Payne, Asst. U. S. Atty., of Pierre, S. D., on the brief), for the United States.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment dismissing on the merits an action brought by appellant as plaintiff on a War Risk Insurance Contract.

The vital question in the case was whether plaintiff became totally and permanently disabled while his policy was still in force.

A jury was duly waived by stipulation, and the case tried to the court. Findings of fact and conclusions of law were made and filed by the court in favor of defendant. Judgment was entered accordingly dismissing the action.

The errors relied upon in this court relate: (1) To the rulings of the trial court on the admissibility of evidence; (2) to the question of sufficiency of the evidence to support the findings and judgment.

■ In the course of the trial, a hypothetical question was put to Dr. Reason Reagan, called as an expert by plaintiff. The question was objected to as incompetent, irrelevant, and immaterial; that no proper foundation had been laid; and that the question was not a proper hypothetical question. The objection was sustained. Counsel for plaintiff made no offer of proof by the witness, and for aught that appears, the answer might have been unfavorable to plaintiff. The question was as follows:

"Q. Now, Doctor, assuming that following the attack of influenza that you have just had brought to your attention, and assuming that he had this attack of syphilis in 1915,

■■ There is a further reason why the sustaining of the objection cannot be held to be reversible error. No offer of proof was made. The general rule is that offer of proof is necessary unless the question is in proper form and clearly admits of an answer relevant to the issues and favorable to the party propounding it. The instant case is, we think, governed by the rulings in Hatch v. United States, 34 F.(2d) 436 (C. C. A. 8); Federal Surety Co. v. Standard Oil Co., 32 F.(2d) 119 (C. C. A. 8) and cases cited; Romeo v. United States (C. C. A.) 24 F.(2d) 527, and cases cited; Camp Mfg. Co. v. Beck (C. C. A.) 283 F. 705, and cases cited; see also, Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81; and see rules 11 and 24 (Fourth) of this court.

A different rule or an exception to the rule has been held to apply where the proposed question is in proper form and clearly admits of an answer relevant to the issues, and favorable to the party propounding it. See Buckstaff v. Russell, 151 U. S. 626, 14 S. Ct. 448, 38 L. Ed. 292; Stanley v. Beckham, 153 F. 152 (C. C. A. 8); Harris v. Brown, 187 F. 6 (C. C. A. 8); Himrod v. Ft. Pitt, etc., Co., 202 F. 724 (C. C. A. 8); King v. Davis, 54 App. D. C. 239, 296 F. 986.

The question in the case at bar, in our judgment, comes within the general rule.

■ The government in its defense called as a witness Dr. Charles F. Culver. Certain questions were put to him to which objections were made by counsel for plaintiff, but the court said that it would take the answers sub-

ject to the objections, and the answers were accordingly in most instances given. No further rulings were made by the court nor requested by counsel relative to the questions; nor, so far as appears, was the court's attention drawn again to the questions involved. Under these circumstances, plaintiff is not entitled to a review of the questions by this court. 4 C. J., p. 757; Gibson v. Luther, 196 F. 203 (C. C. A. 8); Geiger v. Tramp, 291 F. 353 (C. C. A. 8); Curcuru v. Peninsular Electric Light Co. (C. C. A.) 258 F. 785; Whelan v. Welch, 50 App. D. C. 173, 269 F. 689; Oakland Water Front Co. v. Le Roy (C. C. A.) 282 F. 385.

Furthermore, the action having been tried to the court without a jury, it will be presumed, under the circumstances disclosed, that the court disregarded all incompetent and immaterial evidence. 2 R. C. L., p. 222; Davis v. Seattle, 134 Wash. 1, 235 P. 4, 44 A. L. R. 1490; Southern Pacific Co. v. Kalbaugh (C. C. A.) 18 F.(2d) 837.

Of course, if there were not sufficient evidence to sustain the findings and judgment after the elimination of incompetent and immaterial evidence, attack could be made on the findings and judgment for insufficiency of the evidence.

This brings us to the other question sought to be reviewed, viz., the sufficiency of the evidence. But on that question also this court must decline a review.

In the case of Federal Intermediate Credit Bank v. L'Herisson, 33 F.(2d) 841, 843, this court said:

"When an action at law is tried to a federal court without a jury, stipulation waiving a jury having been filed with the clerk, the questions open for review in the appellate court are limited, first of all, by statute. * * * (28 USCA §§ 773, 875, 879). The statute (section 1011 [28 USCA § 879]) as construed by us forbids the appellate court to reverse a judgment for any error of fact. A finding contrary to the weight of the evidence is an error of fact. It follows that the appellate court will not review findings to ascertain whether they are in accordance with the weight of the evidence. * * *

"If a party seeks to have reviewed the question whether the record contains any substantial evidence to support the findings and judgment against him, it is incumbent upon him to make a motion for judgment in his favor on that ground, or to request a declaration of law to that effect, or to take some other equivalent step, and secure a ruling by the trial court, and to take exception to such ruling."

To the same effect are Buechle v. Montgomery, 45 F.(2d) 987 (C. C. A. 8); Inter-Southern Life Ins. Co. v. Klaber, 50 F.(2d) 154 (C. C. A. 8).

In the case at bar, plaintiff interposed no demurrer to the evidence, made no motion for judgment at the close of the evidence, made no request for a declaration of law, and took no other equivalent step. Review of the question of the sufficiency of the evidence will accordingly not be made.

In view of the state of the record as above outlined, the judgment should be and is affirmed.