## HAWTHORNE v. BANKERS' LIFE CO.
### No. 9475.

Circuit Court of Appeals, Eighth Circuit.

Feb. 23, 1933.

C. O. French, of Kansas City, Mo. (J. M. Johnson, of Kansas City, Mo., on the brief), for appellant.

James W. Broaddus, of Kansas City, Mo. (R. B. Alberson and E. M. Nourse, both of Des Moines, Iowa, and McAllister, Humphrey, Pew & Broaddus, of Kansas City, Mo., on the brief), for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellant sued in the circuit court of Jackson county, Mo., to recover on a policy of insurance issued by respondent to her husband, Samuel C. Hawthorne, July 3, 1918. The insured died March 27, 1930. The case was removed to the District Court of the United States for the Western District of Missouri. A jury was waived by stipulation, and the case was tried to the court. The following judgment was entered:

"This cause came on to be heard before the court, both parties appearing by counsel, and the court, after hearing the evidence and arguments of counsel, took said cause under advisement and briefs were submitted to the court by respective counsel, and the court being fully advised in the premises has heretofore filed a memorandum opinion herein, setting out a finding of facts and conclusions of law in favor of defendant.

"It is therefore ordered, adjudged and decreed that said defendant, Bankers Life Company, go hence without day and recover its costs from said plaintiff and that it have execution therefor."

During the progress of the trial, there were no requests for findings of fact or conclusions of law. No motion for judgment was made at the close of the evidence, nor other like action taken to challenge the rulings of the court. In such case no question of fact or law is presented for review, because "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." 28 USCA § 773. To obtain a review of the conclusions, "a party must either obtain from the trial court special findings which raise the

legal propositions, or present the propositions of law to the court and obtain a ruling on them." Fleischmann Const. Co. v. United States, 270 U. S. 349, 356, 46 S. Ct. 284, 288, 70 L. Ed. 624; Wear v. Imperial Window Glass Co. (C. C. A. 8) 224 F. 60, 63.

For a complete discussion of the rules governing such a situation, see the opinions of this court in Inter-Southern Life Ins. Co. v. Klaber, 50 F.(2d) 154, American Surety Co. v. Cotton Belt Levee Dist. No. 1, 58 F. (2d) 234, 235, Clauson v. United States, 60 F.(2d) 694, 696, and cases therein cited.

Even though the findings made by the court be special, the evidence is not reviewable; but we may examine the findings of fact to determine whether they support the conclusions reached. The judgment entry expressly refers to these findings as embraced within the memorandum opinion theretofore filed. This memorandum is found in (D. C.) 52 F.(2d) at page 309, and an inspection of its contents discloses the crucial issue presented to the trial court for decision, and that its conclusions are fully supported by the findings made. The view of the trial court as applied to the specific contention of appellant is very clearly expressed in its memorandum opinion upon overruling appellant's motion for new trial. It so convincingly demonstrates the correctness of the decision upon the case made, as gathered from the pleadings, findings, and court memoranda, that we incorporate it as a part of this opinion:

"In support of the motion for new trial it has been urged very earnestly that I erred in holding that—' * * * the provisions of the policy touching loans and the provisions of the loan agreement in this instance did not modify or in any way affect the company's right to deduct at the time of default the then outstanding indebtedness * * *' I have carefully considered plaintiff's argument in this connection and have reached the conclusion that, although most clearly and ably presented, it cannot prevail.

"The policy provides that on default in the payment of any premium the policy shall become void except in so far as extended insurance is automatically purchased by the then surrender value less any indebtedness. The loan provision of the policy (and so also the loan agreement) does not negative or modify the provision touching defaults. That provision does not say that failure to pay a premium shall not avoid the policy, it says only that failure to repay a loan shall not avoid the policy, 'unless the total indebtedness, including accrued interest, shall equal or exceed the cash value of the policy' in which case the policy becomes void after thirty days notice. Between these two provisions there is no inconsistency. Failure to pay a premium avoids the policy, failure to repay a loan may not avoid it or, under certain circumstances, it may avoid it.

"Of course, all related provisions of a contract are to be read to get at the full meaning of one of them but these two provisions are wholly and obviously unrelated. They have to do with different subject matters.

"There would be weight in plaintiff's argument if the loan provision were to the effect—that the policy should not for any reason be avoided if there was an outstanding loan which did not equal or exceed the cash value. Such general language might operate to prevent a forfeiture on any ground except failure to repay a loan. But this provision only operated against a forfeiture for failure to repay a loan. It has no bearing on a forfeiture for some other reason provided in the policy.

"When there was a failure to pay a premium due on this policy, the policy became void, except for the automatically extended insurance. The indebtedness created by the loan agreement was discharged in the purchase of that extended insurance. With the discharge of the indebtedness the loan agreement and all its incidents (and they were never, so far as they bore on the matter of the policy's becoming void, positive but only negative in effect) became non-existent—a chapter finished and closed."

In these views of the trial court we fully concur, and it follows that its judgment is affirmed.