## SOUTHERN POWER & LIGHT CO. v. UNITED STATES.

### No. 9797.

Circuit Court of Appeals, Eighth Circuit.
July 25, 1934.

Rehearing Denied Sept. 21, 1934.

Richard S. Doyle, of Washington, D. C. (Alonzo D. Camp, of Little Rock, Ark., on the brief), for appellant.

John G. Remey, Sp. Asst. to Atty. Gen. (Wallace Townsend, U. S. Atty., of Little Rock, Ark., and Sewall Key and Lester L. Gibson, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

WYMAN, District Judge.

Southern Power & Light Company, a Maryland corporation, having its principal place of business at Pine Bluff, Ark., instituted suit upon each of two claims for refund of income taxes alleged to have been wrongfully assessed and exacted by the Commissioner of Internal Revenue.

These two suits were, by stipulation, consolidated for the purposes of trial and record on appeal. The suits were brought under the Tucker Act, and were tried to the court without a jury. At the conclusion of the evidence the trial court made and filed its findings of fact and conclusions of law in favor of the defendant, upon which a judgment of dismissal and for costs was entered in each case. The two cases, thus consolidated, come to this court upon appeal from the judgments entered in the District Court.

There appears to be no dispute as to the material facts. The accounts of the taxpayer were kept and its income returns were made on the accrual basis, and in its income return for the year of 1926 it claimed as deductions an item of $40,000 paid by it to its president as consideration for the surrender of his employment contract, and also an item of $1,500 which was paid to H. C. Hobson for services rendered in making an appraisal of the assets of the appellant company incident to the sale of its properties to the Electric Power & Light Corporation.

The Commissioner of Internal Revenue found that while these items of expense were paid in 1926, both of them accrued in 1925, and were, therefore, not properly deductible from the income for the year of 1926.

The trial court found that each of the items in dispute accrued in the year 1925, and that neither of them could properly be allowed as a deduction in computing the amount of appellant's tax for the year of

1926, and entered judgment of dismissal in each case.

The contention of appellant is set forth in the closing sentence of its reply brief in the following language: "There is no question here as to whether the findings of fact of the lower court are in accord with the evidence. This appeal raises the sole question as to whether the trial court's conclusions of law relating to the two transactions involved, were or were not correct."

Notwithstanding this statement in the brief, however, the assignments of error challenge both the findings of fact and conclusions of law, but an examination of the record discloses nothing to support the assignments of error. During the course of the proceedings in the trial court, no objections were made, no exceptions were taken, and no motion or request for findings of fact and conclusions of law in appellant's favor was made.

This court has repeatedly held that assignments of error must be based upon a showing in the bill of exceptions that the proper steps were taken during the course of the trial to call the alleged error to the attention of the trial court. Akre v. Liberty State Bank (C. C. A.) 24 F.(2d) 816; Brown Sheet Iron & Steel Co. v. Willcuts (C. C. A.) 45 F.(2d) 390; Fricke v. General Accident, Fire & Life Assurance Corp. (C. C. A.) 59 F.(2d) 563.

In view of the condition of the record, the findings of fact made by the trial court are conclusive, and furnish ample support for the conclusions of law and judgments appealed from.

The judgments of the District Court are accordingly affirmed.