SALT BAYOU DRAINAGE DIST. et al. v.
FUTRALL.

No. 9895.

Circuit Court of Appeals, Eighth Circuit.

Sept. 4, 1934.

Rehearing Denied Oct. 5, 1934.

William B. Alexander, of Pine Bluff, Ark. (Alexander H. Rowell and Alexander H. Rowell, Jr., both of Pine Bluff, Ark., on the brief), for appellants.

Harry T. Wooldridge, of Pine Bluff, Ark., for appellee.

Before SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge.

This is an appeal from a judgment in a law case tried to the court, a jury having been duly waived.

The action was one brought by the Salt Bayou drainage district and the commissioners thereof against the receiver of the National Bank of Arkansas.

The complaint alleges that the bank, during the time under consideration, was the duly appointed depository of the district; that as such depository it had received various sums deposited for the credit of the district; that the bank thereafter had been duly placed in the hands of a receiver; that the district had duly proved its claim against the bank in the sum of $81,636.04; that the receiver had refused to allow the claim.

Judgment was prayed against the receiver in the sum stated; and that the judgment be declared a preferred claim against the assets of the bank in the hands of the receiver.

The answer of the receiver admits a balance on the books of the bank to the credit of the district in the sum of $13,193.06, after making a set-off; and alleges that the sum mentioned had been classified as a common claim.

An amendment to the answer alleges that one Walter C. Hudson, during the time under consideration, was one of the members of the board of commissioners of the drainage district and its secretary and treasurer; that he was also president of the National Bank of Arkansas; that by virtue of an agreement between Hudson and the other commissioners of the district, he had borrowed from the district during the time under consideration, amounts aggregating $58,900; that these sums had not been deposited in said bank; and that the bank never had any right, title, claim, or interest therein.

Trial was had by the court and a jury, resulting in a directed verdict for plaintiff, followed by judgment.

Thereafter the judgment and verdict were set aside and a new trial granted.

A jury was duly waived on the second trial and the case was tried to the court.

Among the more important facts shown by uncontradicted evidence and bearing upon the origin and nature of the present controversy were the following: The county treasurers of the respective counties in the district were treasurers of the district; W. C. Hudson was the duly appointed secretary of the district, but was not its treasurer; the National Bank of Arkansas was the duly appointed depository of the district; the county treasurer of Jefferson county (one of the counties in the district) delivered certain checks drawn by her, payable to the Salt Bayou drainage district, to said W. C. Hudson, who, at the time, was president of the National Bank of Arkansas and secretary of the drainage district. The checks represented taxes collected on behalf of the drainage district. These checks were receipted for in the name of the district by W. C. Hudson, treasurer. Another similar check, but payable to W. C. Hudson, treasurer, was delivered by the same county treasurer to W. C. Hudson. The check was indorsed by W. C. Hudson, treasurer. Another check drawn by the same county treasurer on the National Bank of Arkansas, and payable to it, was delivered to the assistant cashier of that bank, Mr. Young, for Mr. Hudson.

No part of the moneys represented by these various checks was placed to the credit of the drainage district on the books of the bank. There was no substantial evidence supporting the borrowing agreement alleged in the amended answer.

The court made specific findings covering the foregoing facts and others, in accordance with the request of both parties; it also made the following two additional findings of fact asked by the defendant:

"Although the said W. C. Hudson, the former president of The National Bank of Arkansas, was not shown by the evidence to have been the duly elected and qualified treasurer of the plaintiff Salt Bayou Drainage District of Jefferson and Arkansas Counties, Arkansas, he acted as such, as well as the secretary thereof, at various times from the organization of said district until the suspension of the National Bank of Arkansas on July 21, 1930, and that his actions in so doing were ratified by the Board of Commissioners of said district, and that in so doing he became, in reality, the treasurer of said plaintiff, Salt Bayou Drainage District, as well as the secretary thereof.

"The various checks and items mentioned in the record and set forth in the findings of fact submitted by the plaintiff herein came into the possession of the said W. C. Hudson, the former president of The National Bank of Arkansas, not as the president of

said bank, but as either the secretary or treasurer of the plaintiff, Salt Bayou Drainage District, and that none of the said checks or items ever came into the custody of the bank or became a part of the assets of The National Bank of Arkansas."

As conclusions of law, the court found, as requested by defendant, that the funds of the district sought to be recovered (except the amount of $13,193.06) never came into the possession of the bank, and never became part of its assets. Further, that Hudson, at the time of receiving the moneys and items in question, was acting as secretary or treasurer of the district, and not as president of the bank, and that none of the items of moneys so delivered to Hudson ever became part of the funds or assets of the bank.

No objection or exception was taken by plaintiffs to the denial by the court of the conclusions of law submitted by plaintiffs. No objection or exception was taken by plaintiffs to the allowance by the court of the two additional findings of fact asked by the defendant. No objection or exception was taken by plaintiffs to the allowance by the court of the conclusions of law submitted and asked by defendant. No other equivalent action was taken by plaintiffs.

Judgment was entered on July 25, 1933.

On October 20, 1933, plaintiffs, in connection with their appeal from the judgment, filed assignments of error. In these assignments of error, it is alleged that the court erred in making the two additional findings of fact requested by defendant; erred in denying the conclusions of law requested by plaintiffs; and erred in allowing the conclusions of law requested by defendant.

The main attack of appellants is directed to the two findings of fact made by the court at the request of defendant (appellee). In fact, appellants say in their brief: "There is but one issue in this case, and that is whether or not Mr. Hudson received the deposits as President of The National Bank of Arkansas or as a member of the Board of Commissioners."

But the state of the record is such that this court cannot review the question whether the findings of fact are sustained by substantial evidence.

In Wear v. Imperial Window Glass Co., 224 F. 60, 63, this court, speaking by Judge Walter H. Sanborn, announced the rule as follows:

"When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700 (28 USCA § 879)]), and a finding of fact contrary to the weight of the evidence is an error of fact.

"The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial."

The rule thus announced has been followed in numerous decisions of this court. See Federal Intermediate Credit Bank of Omaha v. L'Herisson (C. C. A.) 33 F.(2d) 841, where some of the cases are collected. See, also, Becker v. Evens & Howard Sewer Pipe Co. (C. C. A.) 70 F.(2d) 596; Huglin v. H. M. Byllesby & Co., 72 F.(2d) 341 (C. C. A. 8).

Counsel for appellants in their brief refer to their assignments of error as containing their exceptions and objections to the action of the court relative to the findings of fact and conclusions of law in their relation to the evidence. Such assignments of error standing alone are not sufficient.

In Brown Sheet Iron & Steel Co. v. Willcuts, 45 F.(2d) 390, this court said:

"It is true there are a number of assignments of error relating to such questions, but assignments of error cannot and are not intended to fill the place of the usual and proper steps taken in the course of a trial to call the attention of the trial court to alleged error, as, for example, objections touching the introduction of evidence; motion for judgment in favor of one party on the ground that the evidence will not support a judgment for the opposing party; and other similar steps. Assignments of error touching such matters are of no avail, unless they have for their foundation some such proper prior step taken at the trial."

See Fricke v. General Accident, Fire & Life Assur. Corporation, 59 F.(2d) 563 (C. C. A. 8); Brink v. United States (C. C. A.) 60 F.(2d) 231; Southern Power & Light Co. v. United States, 72 F.(2d) 368 (C. C. A. 8).

The question whether the findings of fact support the judgment may, under the statute (Rev. St. § 700, 28 USCA § 875),

be reviewed, without an exception taken at the trial, if the question is raised by an assignment of error. See cases cited in 28 USCA, under section 875, at page 308.

But in the case at bar it is not contended by appellants that, if the findings of fact stand, the judgment is not amply supported; nor do we think such contention could properly be made. It is, therefore, unnecessary to discuss the question whether the findings support the judgment.

It follows from the foregoing that the judgment appealed from should be, and it is hereby affirmed.