**OCEAN ACCIDENT & GUARANTEE COR-
PORATION, LIMITED, v. J. L. BRAN-
DEIS & SONS.\***

No. 9928.

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1935.

Dana B. Van Dusen, of Omaha, Neb., for appellant.

W. C. Fraser and E. B. Crofoot, both of Omaha, Neb., for appellee.

Before STONE and GARDNER, Circuit Judges, and JOYCE, District Judge.

JOYCE, District Judge.

This is an action brought by the appellee against the appellant and also the Mary-

land Casualty Company (the latter not being a party to the appeal), on the theory that these two companies were concurrent public liability insurers of appellee and seeking reimbursement for a loss sustained through the payment of a personal injury judgment rendered against the appellee in an action in the state court of Nebraska. A jury was waived and the case tried to the court upon an agreed statement of facts, together with certain oral testimony.

Briefly, the statement discloses that the Brandeis interests operate various enterprises in Omaha. Those involved herein, to wit, the Brandeis Department Store, is located between 16th and 17th streets and bordering on Douglas street, and the Brandeis Theatre, also described as an office building, is on the southwest corner of 17th and Douglas across the street westward from the store building. The elevators of the theatre building descend into a well in which the doors open into the department store basement called the subway. Except as a means of ingress and egress for the accommodation of persons going to and from the office building to the store building and vice versa, the room possesses no particular uses for the office building.

The policy of the Maryland Company described the premises insured as follows:

"Building on south side of Douglas Street, extending from 16th to 17th Sts., being on Lots 1, 2, 3 and 4, Block 117; also 1620-22-24 Douglas Street, and all subways and areaways adjoining and communicating therewith, including the extension into the building on the southwest corner of 17th and Douglas Streets, all in Omaha, Nebraska, \* \* \* or upon the sidewalks or other ways immediately adjacent thereto."

The Ocean Company policy described the premises as follows:

"Southwest corner of 17th and Douglas Streets, Omaha, Nebraska, and subway across 17th Street \* \* \* including the sidewalks or other ways immediately adjacent thereto."

The name of the assured in the Maryland policy appears as "J. L. Brandeis & Sons, and/or the Brandeis Investment Company," and in the Ocean policy as "The Brandeis Investment Company and/or H. A. Wolf Company, Agents for the Brandeis Investment Company, and/or J. L. Brandeis & Sons, Inc." Each policy insured against loss by reason of liability imposed by law upon the insured for damages on account of bodily injuries. The Ocean Company's li-

\*Rehearing denied April 3, 1935.

ability was limited to $50,000 and the Maryland Company's to $10,000. Both policies contained a concurrent insurance provision to the effect that in the event of concurrent insurance said companies should not be liable beyond the amount that the coverage of the respective policies bore to the total coverage.

It appears that the accident resulting in the personal injury judgment against appellee occurred on the outer edge of the sidewalk at the corner of 17th and Douglas streets.

The lower court made certain findings to the effect that the loss had in fact been sustained by the insured and that the risk was covered by both policies; that concurrent insurance existed; that the appellant was indebted to appellee for five-sixths of the amount found to be due and the Maryland Company was indebted for one-sixth of said amount; also that it was proper under the Nebraska statutes as a part of the costs to assess an attorney's fee, the court fixing the same at $1,500. Upon said findings judgment was entered.

The question of the right of review by this court was raised upon oral argument because of the fact that appellant at the close of the testimony had made no motion for findings of fact or declarations of law or for judgment, on the sole ground that the evidence would support no other conclusion, in conformity with sections 773 and 875 of title 28 USCA governing jury waived cases. Upon his request appellant's counsel was permitted to file a supplemental brief, wherein it is urged that the agreed statement of facts and the pleadings constituted a statement of the ultimate facts and were equivalent to a special finding by the court, and therefore the rule of section 875 would not apply. An examination of the record leads us to the conclusion that the trial court found sufficient ultimate facts to sustain the judgment. Appellant contends that the evidentiary facts appearing in the stipulation and the testimony taken do not sustain the court's findings. We believe that the items of pleadings, plats, photographs, correspondence, deeds, leases, and other exhibits were nothing more than evidence of ultimate facts. In and of themselves they were not ultimate facts. Just what ultimate facts are proved by such evidence are not recited in the stipulation. There was no request for specific findings or for conclusions of law, or for judgment, made on behalf of appellant. As stated in Continental Nat. Bank v.

National City Bank of New York (C. C. A.) 69 F.(2d) 312, 318, the function of the request for ruling and exception to the denial thereof "is to direct the judge's attention to the specific proposition of law relied upon, so that prior to the announcement of his conclusions he may have the opportunity to consider it." See, also, expressions of this court in Perry v. Wiggins (C. C. A.) 57 F.(2d) 622; Inter-Southern Life Ins. Co. v. Klaber (C. C. A.) 50 F.(2d) 154; Valenti v. Prudential Ins. Co. (C. C. A.) 71 F.(2d) 229; Becker, Collector, v. Evens & Howard Sewer Pipe Co. (C. C. A.) 70 F.(2d) 596; Southern Power & Light Co. v. United States (C. C. A.) 72 F.(2d) 368; School District of Lepanto of Poinsett County, Ark. et al. v. First Detroit Co., a Corp. as Trustee (C. C. A.) 72 F.(2d) 654; and Hawthorne v. Bankers' Life Co. (C. C. A.) 63 F. (2d) 971.

It is our view that the only question for determination is whether the findings of fact of the lower court support the judgment, and a consideration of the findings of fact leads us to the conclusion that there is ample to support it, and that the case should be affirmed. It is so ordered.